UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNELL BENOIT, individually and on behalf of all others similarly situated | * * * | CIVIL ACTION NO.:_____ |
| VERSUS | * * | |
| WHOLESALE ELECTRIC SUPPLY COMPANY OF HOUSTON, INC. | * * | Jury Trial Requested |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Johnell Benoit, individually and on behalf of all other similarly situated current and former hourly employees employed by Defendant within the last three years ("Collective Members"), brings this Collective Action for damages and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), and alleges as follows:

## JURISDICTION AND VENUE

1. This Court is vested with subject matter jurisdiction pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. Plaintiff's claims arise under §207(a) of the FLSA.

2. This Court has personal jurisdiction over Defendant, as Defendant conducts business within the Southern District of Texas and Defendant's principal office address, as registered with the Texas Secretary of State, is 4040 Gulf Freeway, Houston, Texas 77004.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) as Defendant is domiciled within this District and, under 28 U.S.C. §1391(b)(2), a substantial part of the events giving rise to the claims sued upon herein occurred within this District.

## PARTIES

4. Plaintiff Johnell Benoit is a major individual domiciled in Sulphur, Louisiana. Plaintiff was employed by Defendant as an inside sales representative for approximately sixteen (16) years from approximately 2006 to early 2022 at Defendant's Sulphur, Louisiana facility.

5. Pursuant to 29 U.S.C. §216(b), Plaintiff consents in writing to be a party to this FLSA action. His consent form is attached hereto as Exhibit "A."

6. Defendant Wholesale Electric Supply of Houston, Inc. ("Wholesale Electric"), is a domestic corporation, domiciled at 4040 Gulf Freeway, Houston, Texas 77004, and can be served through its registered agent, Pamela A. McKellop, 4040 Gulf Freeway, Houston, Texas 77004.

## COVERAGE UNDER THE FLSA

7. At all relevevant times, Wholesale Electric was and is an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

8. At all relevant times, Wholesale Electric was and is an "enterprise" within the meaning of the FLSA, 29 U.S.C. §201(r).

9. At all relevant times, Wholesale Electric was and is an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1).

10. At all relevant times, Wholesale Electric has had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excised taxes at the retail level which are separately stated).

11. At all relevant times, Plaintiff and the Collective Members are and were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

12. Wholesale Electric, Plaintiff and the Collective Members used cell phones, computers, supplies and other materials that were manufactured or sold in other states, ordered materials and supplies by mail, phone or fax from outside the states of Texas and Louisiana, accepted checks and credit cards from customers as payment for services that were processed through interstate banks and financial institutions, and provided its employees with paychecks by electronic deposit, all of which constitutes interstate commerce.

## **FACTS**

13. Wholesale Electric is an electrical supply company that touts itself as "a global provider of high-quality products and comprehensive services for the industrial and commercial market." *See* http://www.wholesaleelectric.com/index.php/who-we-are/.

14. Wholesale Electric employs inside sales representatives who are paid an hourly rate and a small commission.

15. Wholesale Electric also employs warehouse workers who are paid on an hourly basis.

16. Wholesale Electric has suffered, required and permitted its inside sales representatives and warehouse workers to regularly work in excess of forty (40) hours in a workweek.

17. Plaintiff and the Collective Members were generally scheduled to work forty (40) hours per week but they routinely worked over forty (40) hours in a workweek and were not paid overtime for all such hours worked.

18. Plaintiff also was required to be on-call afterhours and on weekends 7-8 times a year.

19. On those occasions, Plaintiff was not paid an overtime premium for all hours worked over forty (40) in the workweek.

20. Furthermore, during weather related emergencies such as Hurricane Laura and other weather-related events, Plaintiff and other Collective Members were required to work over forty (40) hours in a workweek.

21. For example, in the aftermath of Hurricane Laura, Plaintiff and certain Collective Members manned Defendant's Sulphur, Louisiana facility twenty-four (24) hours a day, seven (7) days per week, for multiple consecutive weeks.

22. During this time, Plaintiff and Collective Members were expected to work at any and all times.

23. During this time, there was no express or implied agreement between Plaintiff, Collective Members and Defendant that provided regularly scheduled sleep or meal periods.

24. During this time, Plaintiff and Collective Members slept at Defendant's facility but were not provided adequate sleeping accommodations. In fact, Plaintiff often slept at his desk.

25. During this time, Plaintiff and the Collective Members were not afforded a bona fide sleep period as they were routinely interrupted to work and were thus prevented from getting at least five (5) hours of uninterrupted sleep every night.

26. Pursuant to 29 C.F.R §785.22, all time Plaintiff and Collective Members spent at Defendant's facility is counted as work time. Instead of counting all such hours as work time, Defendant paid Plaintiff and the Collective Members for only paid twelve (12) hours per day.

27. Plaintiff and Collective Members are entitled to unpaid straight time for all hours worked while manning Defendant's facilities during emergencies and overtime for all hours over forty (40) in a workweek while at Defendant's facility.

28. On information and belief, Defendant implemented the same pay policy at its other locations which, like the Sulphur location, were manned for emergency response.

29. Plaintiff's work, emergency response and on-call schedule are typical of the schedules and work experiences of the Collective Members.

30. Wholesale Electric has failed to meet its obligation of paying Plaintiff and the Collective Members an overtime premium for all hours worked over forty (40) in every workweek where Plaintiff and the Collective Members worked overtime hours and failed to pay straight time for all time spent manning Defendant's facilities during emergencies when Collective Members worked twenty-four (24) hour shifts.

31. Plaintiff and the inside sales Collective Members' primary job duties consisted of selling electrical equipment and supplies.

32. The warehouse Collective Members' primary job duties consisted of manual labor such as stocking shelves and carrying items.

33. Plaintiff and the Collective Members did not perform any job duties or functions that qualified for any exemption from the overtime requirements of the FLSA.

34. Although Plaintiff and the inside sales Collective Members were paid a sales commission, the commissions earned did not account for over 50% of Plaintiff and the inside sales Collective Members' income.

35. While the precise duties of Plaintiff and Collective Members may vary somewhat, any variations are immaterial and will not impact issuing notice and proceeding collectively for purposes of determining their status as entitled to overtime for hours worked in excess of forty (40) in a workweek under the FLSA as all were classified as FLSA overtime non-exempt by Defendant.

36. Wholesale Electric knew or should have known that Plaintiff and the Collective Members were not exempt from the overtime requirements of the FLSA.

37. Wholesale Electric knew or should have known that Plaintiff and the Collective Members worked more than forty (40) hours in a workweek.

38. Wholesale Electric knew or should have known that Plaintiff and the Collective Members were entitled to but were not paid overtime for all hours worked over forty (40) in a workweek and for all straight time as required by 29 C.F.R §785.22.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings this Complaint pursuant to §216(b) of the FLSA as a Collective Action on behalf of the following putative Collective Members:

> All hourly employees of Wholesale Electric Supply of Houston, Inc., who worked over forty (40) hours in a workweek within the last three (3) years and who were not paid overtime at the rate of one and one-half times their regular rate of pay and/or were not paid straight time pay for all time spent manning Defendant's facilities during an emergency response. ("Collective Members")

40. Plaintiff and the Collective Members are all similarly situated for purposes of notice under §216(b).

41. Plaintiff and the Collective Members all have the same basic job description and perform the same general duties that are relevant for determining their eligibility for overtime under the FLSA.

42. Wholesale Electric's violation of the overtime requirements of the FLSA is based on the same aspect of Plaintiff's and the Collective Members' jobs in that Plaintiff and the Collective Members all perform non-exempt job duties and they are paid pursuant to Wholesale

Electric's illegal payroll policy which did not pay them overtime or straight time for all time spent at Defendant's facilities during an emergency response.

43. Plaintiff and the Collective Members are all similarly situated as they all have similar non-exempt job descriptions and there are no demonstratable difference in work experiences applicable to any Collective Member that is relevant for determining the Collective Members' entitlement to overtime under the FLSA.

44. Whether Wholesale Electric violated the FLSA by failing to pay Plaintiff and the Collective Members overtime or straight time as required by the FLSA is a threshold legal issue which can be determined for Plaintiff and Collective Members using representative testimony in a collective action.

45. Wholesale Electric's practice of not paying Plaintiff and Collective Members overtime or straight time is based on an established company-wide policy that was applied to Plaintiff and all Collective Members.

46. Plaintiff is aware of other hourly employees who were subject to Defendant's illegal payroll policy who, if given notice of this collective action, desire to opt-in and participate in this proceeding.

**VIOLATION OF THE FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, *et seq.***

47. At all relevant times, Wholesale Electric has been an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

48. Wholesale Electric employed Plaintiff and the Collective Members.

49. Wholesale Electric's pay policy violated the FLSA by failing to pay Plaintiff and the Collective Members overtime and straight time as required by the FLSA.

50. Wholesale Electric failed to pay Plaintiff and the Collective Members overtime at rates not less than 1.5 times their regular rate which violated 29 U.S.C. §207.

51. Wholesale Electric's conduct, as described above, constitutes a knowing and willful violation of the FLSA.

52. Wholesale Electric's conduct, as described above, constitutes a bad faith violation of the FLSA.

53. Due to Wholesale Electric's FLSA willful and bad faith violations, Plaintiff and the Collective Members are entitled to recover their unpaid overtime compensation, liquidated damages, attorneys' fees, costs and interest.

54. Plaintiff requests trial by jury on all issues raised herein.

## PRAYER

**WHEREFORE**, Plaintiff, Johnell Benoit, prays for relief as follows:

a. For an Order authorizing preliminary discovery on the issue of whether Plaintiff and the Collective Members are similarly situated under the FLSA;

b. For an Order designating this proceeding as a Collective Action and authorizing notice pursuant to 29 U.S.C. §216(b) to the Collective Members allowing them to join this action by filing a written Notice of Consent;

c. For Judgment in favor of Plaintiff and the Collective Members, and against Wholesale Electric Supply of Houston, Inc., determining that they are eligible for overtime and awarding all unpaid overtime compensation, straight time compensation, liquidated damages, attorneys' fees and costs allowed under the FLSA;

d.        Pre- and Post-Judgment interest as allowed by law; and

e.        All such other and further relief to which Plaintiff and the Collective Members may be entitled.

Respectfully Submitted:

By:    */s/ Philip Bohrer*
Philip Bohrer (TX Bar 00792194)
phil@bohrerbrady.com
Scott E. Brady
scott@bohrerbrady.com
**BOHRER BRADY, LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
(225) 925-5297 Phone
(225) 231-7000 Fax